RECEIPT # Case 1:06-cv-11518-WGY Document 1 Filed 08/25/06 Page 1 of 18
AMOUNT $_____
SUMMONS IS_____
LOCAL RULE 4 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY CLK _____
DATE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IATRIC SYSTEMS, INC. and<br>KENNETH HOFFMAN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. _____ |
| CARE FUSION INCORPORATED,<br>VINCENT SWISHER, STEPHEN<br>OLMSTED and DENNIS NOLAN, | ) **06 CA 1 1 5 1 8 WGY** ) ) ) |
| Defendants. | ) MAGISTRATE JUDGE _____ ) |

## VERIFIED COMPLAINT AND JURY DEMAND

This is an action for copyright infringement under Title 17 of the United States Code,
§106; breach of contract; breach of the covenant of good faith and fair dealing; unjust
enrichment; misappropriation of trade secrets; conversion; and, for unfair and deceptive acts or
practices under Chapter 93A of the laws of the Commonwealth of Massachusetts.

### PARTIES

1.      Plaintiff, Iatric Systems, Inc. ("Iatric Systems"), is a duly organized and existing
Delaware corporation with its principal place of business located at 27 Great Pond Drive,
Boxford, Massachusetts.

2.      Plaintiff, Kenneth Hoffman ("Hoffman"), is an individual residing at 747
Langford Lane, Cookeville, Tennessee.

3.      Defendant, Care Fusion Incorporated ("Care Fusion") is, upon information and
belief, a duly organized and existing Virginia corporation with its principal place of business
located at 1430 Spring Hill Road, Suite 510, McLean, Virginia.

1183570v1

4.      Defendant, Vincent Swisher ("Swisher") is, upon information and belief, employed by Care Fusion as its Senior Interface Engineer-Team Lead and resides at 517 Essex Avenue, Gloucester, Massachusetts.

5.      Defendant, Stephen Olmsted ("Olmsted") is, upon information and belief, employed by Care Fusion as its Senior Interface Engineer and resides at 38 Evergreen Circle, Canton, Massachusetts.

6.      Defendant, Dennis Nolan ("Nolan") is, upon information and belief, employed by Care Fusion as its Meditech Interface Engineer and resides at 7 Flagstaff Road, Billerica, Massachusetts.

## JURISDICTION AND VENUE

7.      Subject matter jurisdiction over the copyright infringement count of this Complaint is vested in this Court under Title 28 United States Code, §1338(a), whereby the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to copyright; and, under Title 28 United States Code, §1331, whereby the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States. All counts in this Complaint arise out of the copyright infringement claim.

8.      Venue is proper is this district under Title 28 United States Code, §1391. In addition, pursuant to contract, the Defendants have submitted themselves to personal jurisdiction in Massachusetts.

## FACTS

9.      Iatric Systems is in the business of creating, manufacturing, and distributing computer software products and interfaces and providing training, report writing and technical support and customization services to support those software products and interfaces.

1183570v1                                               2

10. Iatric Systems' products and services provide outside support to hospitals operating the Meditech Hospital Information System (the "Meditech System"), which uses either the MAGIC or the Meditech Client/Server ("C/S") computer languages.

11. Included in many of Iatric Systems' software interface products is a computer program known as VBOT. VBOT enables a computer in the Meditech System to communicate with itself for the purpose of inputting information into its own database. VBOT allows hospitals using the Meditech System to input and script data into its own database without the use of any outside apparatus, including individual data processors, hardwired connections, outside ports or personal computers.

12. Hoffman is the author and co-owner of VBOT.

13. Iatric Systems is a co-owner, and the exclusive licensee of VBOT, with the exclusive right to use, reproduce, make derivative works of, and distribute VBOT.

14. Iatric Systems' predecessor in interest, Joel Berman d/b/a Iatric Systems ("Iatric"), and Hoffman registered VBOT with the United States Copyright Office on or about February 20, 2001, obtaining a Certificate of Copyright Registration number TX-5-222-343, and registered updates to VBOT with the United States Copyright Office on or about May 7, 2001, obtaining a Certificate of Copyright Registration number TX-5-328-152. Copies of these Certificates of Copyright Registration are attached hereto as Exhibits A and B, respectively. There have been no further updates to VBOT as of the date of this Verified Complaint.

15. Care Fusion also is in the business of providing software and support services to hospitals using the Meditech System. Care Fusion is a competitor of Iatric Systems.

16. On or about October 17, 2003, Iatric entered into a Vendor Agreement with Care Fusion. The Vendor Agreement describes a relationship between Care Fusion and Iatric in which

1183570v1                                            3

the parties are to work together to co-market software products and services as a single "solution" to hospitals using the Meditech System, and among other things permits either party to contract directly with these hospitals. The Vendor Agreement has not been terminated and remains in full force and effect. A copy of this Vendor Agreement is attached as Exhibit C.

17.    On or about January 1, 2004, Iatric assigned all of its assets, including without limitation all copyright, patent, trade secret, trademark and other intellectual property rights thereto (including Copyright Registrations TX-5-222-343 and TX-5-328-152), and all agreements (including the Vendor Agreement), to Iatric Systems.

18.    On or about May 26, 2004, acting under the Vendor Agreement, Iatric Systems entered into a Software License Agreement directly with Central Michigan Community Hospital ("CMCH") pursuant to which CMCH licensed the use of the Iatric Systems Care Fusion CareMed Interface. The Iatric Systems Care Fusion CareMed Interface provides a user interface between Care Fusion's CareMed software product and the Meditech System. A copy of this Software License Agreement is attached as Exhibit D.

19.    Upon information and belief, on or about May 26, 2004, acting under the Vendor Agreement, Care Fusion licensed its CareMed software product to CMCH.

20.    On or about October 5, 2004, again acting under the Vendor Agreement with Care Fusion, Iatric Systems entered into a Software License Agreement Addendum directly with CMCH pursuant to which CMCH licensed the use of the Iatric Systems Care Fusion CareView Interface, the Iatric Systems Care Fusion CareCollect Interface, the Iatric Systems Care Fusion CareAssist Interface, and the Iatric Systems Care Fusion Materials Management Interface (collectively, the "Iatric-Care Fusion Interfaces"). Again, each of these interface products

4

provides a user interface between its associated Care Fusion product and the Meditech System. A copy of this Software License Agreement Addendum is attached as Exhibit E.

21.     VBOT formed a part of and was included in all of the Iatric-Care Fusion Interfaces except the Iatric Systems Care Fusion CareView Interface.

22.     Upon information and belief, on or about October 5, 2004, acting under the Vendor Agreement, Care Fusion licensed its CareView, CareCollect, CareAssist, and Materials Management software products to CMCH.

23.     Commencing on or about May 26, 2004, Hoffman provided technical support to both Care Fusion representatives and CMCH representatives pertaining to the use of the licensed Iatric-Care Fusion Interfaces, on behalf of Iatric Systems.

24.     In September 2005, CMCH terminated only its Software License Agreement and Software License Agreement Addendum with Iatric Systems as respects the Iatric-Care Fusion Interfaces; all other existing license agreements between Iatric Systems and CMCH pertaining to other products and interfaces remained in full force and effect, and Iatric Systems continued to provide technical support to CMCH as respect those other products and interfaces.

25.     On or about August 3, 2006, Hoffman discovered object code identified as "CF.ak.read" in CMCH's Meditech System directory, which code appeared to him to be an unauthorized copy of "Read2", a code included in VBOT. Upon further investigation, Hoffman discovered (i) that Care Fusion, by and through its agents Swisher, Olmsted, and Nolan, created this unauthorized copy; (ii) that this unauthorized copy resided in the Meditech System directories of six other hospitals that have licensed various software products and interfaces from

Iatric Systems, but have refused to license from Iatric Systems the Iatric-Care Fusion Interfaces; [1] and, (iii) that this unauthorized copy resided in the Meditech System directory of one other hospital that has licensed various software products (but no interfaces) from Iatric Systems. [2]

26.    On or about August 3, 2006, Hoffman also discovered in these hospital directories an unauthorized copy of Read2 called "CF.read", a predecessor version of "CF.ak.read" also created by Care Fusion.

27.    Hoffman was able to verify that the Defendants' CF.ak.read was created from Read2 because the former contained his proprietary and unique algorithms, some of which he placed intentionally out of sequence to identify such misappropriation, as well as superfluous code which, again, he placed intentionally for this purpose.

28.    The copies of CF.read and CF.ak.read contain the names and titles of Defendants Swisher, Olmsted, and Nolan.

29.    Upon information and belief, the Defendants have copied the portion of VBOT known as "Read2", and have incorporated Read2 into Care Fusion's CF.read and CF.ak.read object code.

30.    Upon information and belief, Care Fusion has entered into agreements with third parties, including but not limited to CMCH and the hospitals described above, permitting them to use Read2 through Care Fusion's CF.read and CF.ak.read object code, and has distributed

---

[1] These six hospitals are Central Michigan Community Hospital in Mount Pleasant, Michigan; Beloit Memorial Hospital in Beloit, Wisconsin; Beaufort Memorial Hospital in Beaufort, South Carolina; Camden Clark Memorial Hospital in Parkerburg, West Virginia; Mercy Medical Center of Baltimore in Baltimore, Maryland; Mercy Medical Center in Canton, Ohio; and St. Mary Medical Center in Walla Walla, Washington.

[2] This hospital is Frederick Memorial Hospital in Frederick, Maryland.

Read2 to those third parties as part of Care Fusion's CF.read and CF.ak.read object code, thereby frustrating Iatric Systems' ability to license the Iatric-Care Fusion Interfaces.

31.     None of the Defendants have entered into any licensing agreements with either Plaintiff to allow Defendants to use, copy, reproduce or distribute VBOT or Read2.

32.     Neither Plaintiff has granted any of the Defendants any rights in VBOT or Read2.

33.     None of the Defendants have any rights to use, copy, reproduce, make derivative works or distribute VBOT or Read2.

34.     Upon information and belief, the Defendants have copied, reproduced and distributed the portion of VBOT known as "Read2" without license, authority or permission, in violation of the Plaintiffs' registered copyrights in VBOT, Iatric Systems' exclusive license rights in VBOT, and the Vendor Agreement.

35.     The Defendants' use, copying, and distribution of Read2 violates Plaintiffs' registered copyrights in VBOT, Iatric Systems' exclusive license rights in VBOT, and the Vendor Agreement.

## COUNT I
### (Copyright Infringement)

36.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 35 of the Verified Complaint as if same were fully set forth herein.

37.     VBOT, a computer program, is entitled to copyright protection.

38.     Pursuant to Title 17 United States Code, §106, Plaintiffs have the exclusive right to copy, make derivative works, distribute, or use VBOT.

39.     By the conduct more fully described above, Defendants have infringed Plaintiffs' copyrights in VBOT in violation of Title 17 United States Code, §106.

1183570v1                                                7

40.    Plaintiffs have been damaged by Defendants' infringement of Plaintiffs' copyrights in VBOT in an amount to be determined at trial.

## COUNT II
### (Violation of Massachusetts Consumer Protection Act – M.G.L. c. 93A)

41.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 40 of the Verified Complaint as if same were fully set forth herein.

42.    The Defendants are engaged in trade or commerce in the Commonwealth of Massachusetts so as to come within the purview of Massachusetts General Laws, Chapter 93A.

43.    The Defendants' conduct constitutes willful and knowing violations of M.G.L. c. 93A. Said violations include, without limitation, (i) knowingly infringing upon the Plaintiffs' copyrights; (ii) knowingly interfering with the Plaintiffs' business relationships; (iii) misappropriating the Plaintiffs' trade secrets and proprietary object code, software and technology; and, (iv) sharing such data with Plaintiffs' direct competitors.

44.    By the above-stated conduct, the Defendants have engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, § 11, and the unfair and deceptive acts or practices by the Defendants have been committed intentionally and/or recklessly.

45.    As a direct result thereof, the Plaintiffs have suffered and continue to suffer damage, thus entitling the Plaintiffs to three (3) times the actual damages the Defendants have caused them to incur, plus interest, costs and reasonable attorneys' fees.

## COUNT III
### (Breach of Contract – Vendor Agreement)

46.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 45 of the Verified Complaint as if same were fully set forth herein.

47. The Vendor Agreement prohibits, *inter alia*, the Defendants from making copies of Iatric Systems' software products or from permitting the unauthorized use of said software. Pursuant to its terms, Care Fusion "agrees that it will not use any Confidential Information of [Iatric Systems] for any purpose other than [ ] for the performance of its obligations under this Agreement"; Care Fusion shall not "make any copies of [Iatric Systems'] Confidential Information without [ ] prior written consent"; and, Care Fusion "shall not modify, enhance, reverse engineer, disassemble or decompile the Iatric software."

48. By the above-stated conduct, the Defendants are in breach of contract and are liable to Plaintiffs for the damages they have caused it to incur, plus interest, costs and reasonable attorney's fees.

## COUNT IV
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

49. Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 48 of the Verified Complaint as if same were fully set forth herein.

50. Through their dealings with the Plaintiffs, the Defendants had an implied obligation to act in good faith and with fair dealing. Their conduct, as set forth above, constitutes a violation of that obligation of good faith and fair dealing.

51. Accordingly, pursuant to the above-stated conduct, the Defendants have breached the implied covenant of good faith and fair dealing owed to Iatric Systems and by reason thereof, they are liable to Iatric Systems for the damages they have caused it to incur, plus interest, costs and reasonable attorney's fees.

9

## COUNT V
### (Interference with Advantageous Contractual/Business Relations)

52.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 51 of the Verified Complaint as if same were fully set forth herein.

53.    As a result of their software interface products and corresponding training and support, the Plaintiffs have developed, through the expenditure of significant time and resources, valuable business relationships and goodwill with the hospitals operating the Meditech System.

54.    The Defendants were aware of these valuable business relationships at the time when they engaged in the wrongful conduct alleged herein.

55.    As stated above, the Defendants have infringed Plaintiffs' copyrights in VBOT in order to unfairly compete with Iatric Systems and interfere with Iatric Systems' valuable business relationships.

56.    The Defendants' actions were done with the intention to cause damage to Iatric Systems' business, to interfere with the aforesaid business relations, and done without justifiable cause.

57.    As a direct result of the Defendants' actions and conduct amounting to interference with Iatric Systems' advantageous business relations, the Plaintiffs have incurred damage for which the Defendants are liable, and they continue to suffer damages. The Plaintiffs do not have an adequate remedy at law and the Vendor Agreement provides for such equitable relief.

## COUNT VI
### (Conversion)

58.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 57 of the Verified Complaint as if same were fully set forth herein.

1183570v1                                                                10

59. By creating unauthorized copies of the Plaintiffs' federally registered object code, software and technology, the Defendants have wrongfully obtained possession of the Plaintiffs' confidential and proprietary business information for an unlawful purpose.

60. The Defendants have retained possession of such information, or copies of it, and intend to use it as their own without attribution to the Plaintiffs for sales, promotion and marketing of it and other software products, thereby converting the Plaintiffs' software products for their own use. The Defendants have copied the Plaintiffs' software products without permission and have distributed and/or furnished them without indication as to the Plaintiffs' ownership.

61. Accordingly, the Defendants are liable to the Plaintiffs as a result of them having converted the Plaintiffs' business products for their own use, contrary to Plaintiffs' rights, causing damage to the Plaintiffs. The Plaintiffs do not have an adequate remedy at law and the Vendor Agreement provides for such equitable relief.

## COUNT VII
### (In Equity-Unjust Enrichment)

62. Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 61 of the Verified Complaint as if same were fully set forth herein.

63. By the Defendants' above-stated knowing and intentional conduct, the Plaintiffs have been deprived of the fair market value of their software interface products.

64. The Defendants have been unjustly enriched by such conduct, the retention of which benefit would be inequitable.

65. Accordingly, the Defendants are liable to the Plaintiffs in equity for the fair market value attributable to Defendants' infringing conduct; and, to the lost sales opportunities

and revenue resulting from the Defendants having copied, reproduced and distributed Plaintiffs' software interface products as their own - - to known customers of Iatric Systems.

## COUNT VIII
### (Misappropriation of Trade Secrets and Confidential Information – M.G.L. c. 93, §§ 42 and 42A)

66.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 65 of the Verified Complaint as if same were fully set forth herein.

67.    VBOT is a result of considerable investment made by Iatric Systems and Hoffman. It provides Iatric Systems with significant advantage within its industry. There is currently no other legitimate software product available that performs this scripting function in this manner.

68.    Iatric Systems and Hoffman treat VBOT as a trade secret, making it available to its customers only under written license agreement, and requiring all with whom it does business to sign confidentiality and nondisclosure clauses.

69.    The Defendants, by execution of the Vendor Agreement, agreed that they would not use any "Confidential Information" of the Plaintiffs, including, but not limited to, "software, programming, code, documentation and other written material, methodologies, processes and inventions employed by or related to the Iatric Software", which necessarily includes the VBOT and Read2 object code, software and technology.

70.    In addition, the Defendants agreed to the "Non-Use and Nondisclosure" clause of the Vendor Agreement, which provided that "[n]either party shall make any copies of the other party's Confidential Information without the disclosing party's prior written consent."

71.     In direct contravention of the Vendor Agreement, the Defendants have wrongfully used, copied, reproduced, made derivative works, licensed and/or distributed the Plaintiffs' VBOT and Read2 object code, software and technology.

72.     The VBOT and Read2 object code, software and technology are the trade secrets of the Plaintiffs.

73.     By virtue of the above-stated wrongful conduct, the Defendants intended to and did convert the Plaintiffs' trade secrets for their own use, to unlawfully and improperly compete with the Plaintiffs.

74.     The Defendants' use and distribution of such proprietary object code, software and technology constitutes a misappropriation of trade secrets and confidential information in violation of the common law and M.G.L. c. 93, §§ 42 and 42A.

75.     The Plaintiffs will suffer substantial, immediate and irreparable harm and damages unless the Defendants are enjoined from using and distributing such trade secrets and proprietary object code, software and technology.

76.     The Defendants have or will cause the Plaintiffs damages in an amount to be determined at trial. Such damages include, without limitation, the Plaintiffs' lost profits and the Defendant's wrongful profits derived by said unauthorized disclosure or use.

**WHEREFORE**, the Plaintiffs, Iatric Systems, Inc. and Kenneth Hoffman, pray that this Honorable Court grant the following relief:

A.      A temporary restraining order requiring the Defendants, Care Fusion Incorporated, Vincent Swisher, Stephen Olmsted and Dennis Nolan, to (1) immediately cease and desist from any use, copying, reproduction or making any derivative works or distribution of the VBOT and Read2 object code, software and technology, whether in the form of CF.read or

1183570v1                                                                13

otherwise; (2) refrain from advertising, promoting, marketing, licensing and/or offering to license CF.read or CF.ak.read, or otherwise; and, (3) preserve any and all documents, whether in hard copy or electronic format, in the Defendants' possession, custody or control containing, relating to or embodying any of the VBOT and Read2 object code, software and technology, whether in the form of CF.read or CF.ak.read, or otherwise;

B.      An order preliminarily (1) enjoining Care Fusion, its employees and agents, and all of its customers and licensees and/or those who have received the VBOT and Read2 object code, software, and technology from Defendants, whether in the form of CF.read, CF.ak.read, or otherwise, from reproducing, distributing, making derivative works from, or in any way utilizing same, and from advertising, promoting, marketing, licensing, and offering to license same; (2) requiring the immediate removal, uninstallation, and deletion of CF.read, CF.ak.read, and any works derivative thereof from Care Fusion's computers and information systems and those of its customers and licensees, including without limitation the Meditech systems of said customers and licensees; (3) enjoining Care Fusion, its employees and agents, from otherwise infringing, directly or indirectly, upon (i) the Plaintiffs' registered copyrights in VBOT; and, (ii) Iatric Systems' exclusive license rights in VBOT; and (4) enjoining Care Fusion, its employees and agents, from engaging in unlawful deceptive acts or practices, or otherwise unfairly competing with the Plaintiffs with respect to the VBOT and Read 2 object code, software and technology.

C.      An order permanently (1) enjoining Care Fusion, its employees and agents, and all of its customers and licensees and/or those who have received the VBOT and Read2 object code, software, and technology from Defendants, whether in the form of CF.read, CF.ak.read, or

1183570v1                               14

otherwise, from reproducing, distributing, making derivative works from, or in any way utilizing same, and from advertising, promoting, marketing, licensing, and offering to license same; (2) requiring the immediate removal, uninstallation, and deletion of CF.read, CF.ak.read, and any works derivative thereof from Care Fusion's computers and information systems and those of its customers and licensees, including without limitation the Meditech systems of said customers and licensees; (3) enjoining Care Fusion, its employees and agents, from otherwise infringing, directly or indirectly, upon (i) the Plaintiffs' registered copyrights in VBOT; and, (ii) Iatric Systems' exclusive license rights in VBOT; and (4) enjoining Care Fusion, its employees and agents, from engaging in unlawful deceptive acts or practices, or otherwise unfairly competing with the Plaintiffs with respect to the VBOT and Read 2 object code, software and technology.

D.      Pursuant to Count I, judgment against the Defendants for damages as provided for by Title 17 United States Code §504, together with their costs, expenses and attorneys' fees, as provided for by Title 17 United States Code §505;

E.      Pursuant to Count II, judgment against the Defendants for treble the amount of damages they have caused Plaintiffs to incur, plus interest, costs and attorneys' fees as provided by M.G.L. c. 93A;

F.      Pursuant to Counts III – VII, judgment against the Defendants for the damages they have caused Plaintiffs to incur, to be determined at trial, plus interest, costs and reasonable attorneys' fees;

G.      Pursuant to Count VIII, judgment against the Defendants for multiple the amount of damages they have caused Plaintiffs to incur, plus interest, costs and attorneys' fees as provided by M.G.L. c. 93;

1183570v1                                      15

H.     An award of damages for the Plaintiffs' actual damages and for any profits attributable to the Defendants' infringements of Plaintiffs' copyrights;

I.     An order requiring the Defendants to render an accounting to Plaintiffs of all copies of all software copying, using, or reproducing VBOT and/or Read2, distributed by Defendants, including without limitation CF.read and CF.ak.read; and,

J.     Any such other and further relief as this Court deems just and equitable.

**PLAINTIFFS HEREBY CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                        **IATRIC SYSTEMS, INC. AND
                                        KENNETH HOFFMAN,**

                                        By their Attorneys,

Dated: 8/25/06

                                        Douglas B. Otto (BBO# 555269)
                                        Jill K. Hauff (BBO# 653886)
                                        MORRISON MAHONEY LLP
                                        250 Summer Street
                                        Boston, MA 02210
                                        617) 737-8873

## VERIFICATION

I, Kenneth Hoffman, Vice President of Interface/Integration Division for Iatric Systems, Inc., being first duly sworn, do hereby verify that I have read the foregoing Verified Complaint, and that it is accurate and complete to the best of my knowledge, information and belief.

Kenneth Hoffman

# State of Illinois

Winnebago , ss

County

August 25, 2006

On this 25 day of August, 2006, before me, the undersigned notary public, personally appeared Kenneth Hoffman , proved to me through satisfactory evidence of identification, which was Tennessee Driverslie to be the person whose name is signed on the preceding or attached documents, and acknowledged to me that he or she signed it voluntarily for its stated purpose.

Notary Public:

My commission expires: 9/28/2007

"OFFICIAL SEAL"
LARRY F. WALKER
Notary Public, State of Illinois
My Commission Expires 9/28/2007

## VERIFICATION

I, Joel Berman, President of Iatric Systems, Inc., being first duly sworn, do hereby

verify that I have read the foregoing Verified Complaint, and that it is accurate and complete to

the best of my knowledge, information and belief.

Joel Berman

## COMMONWEALTH OF MASSACHUSETTS

$ESSEX$ , ss

August $24$, 2006

On this $24$ day of August, 2006, before me, the undersigned notary public, personally
appeared _Joel Berman_ , proved to me through satisfactory evidence of
identification, which was _bank records_ , to be the person whose name is signed on the
preceding or attached documents, and acknowledged to me that he or she signed it voluntarily for
its stated purpose.

Notary Public:
My commission expires:

COMMISSION EXPIRES,
SEPTEMBER 7, 2017/

**MY COMMISSION EXPIRES,
SEPTEMBER 7, 2017/**